UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA ALGER SR.,

       Plaintiff,                      Case No. 2:24-cv-11771

v.                                       Honorable Susan K. DeClercq
                                        United States District Judge

S. CAMPBELL, Warden, et al.,

       Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT *SUA SPONTE* FOR FAILURE TO PROSECUTE AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Joshua Levi Alger Sr., incarcerated at Gus Harrison Correctional Facility in Adrian, Michigan, filed this lawsuit against seven prison officials, unaided by counsel, and sought permission to proceed without prepaying. ECF Nos. 1; 2.

But his application lacked the requisite authorization form, so he was directed to submit the form or to pay the fees. ECF No. 5. (citing *Boussum v. Washington*, 649 F. Supp. 3d 525, 529 (E.D. Mich.), *recons. denied*, 655 F. Supp. 3d 636 (E.D. Mich. 2023)). Alger was also explicitly told that if he failed to file the form or to pay the fees, then his complaint would be dismissed under 28 U.S.C. § 1915(b), (e)(2)(A) and Civil Rule 41(b) for failure to prosecute. *Id.* Plaintiff's deadline was August 5, 2024. *See* FED. R. CIV. P. 6(d).

He has not prepaid the fees or properly requested an exemption. He responded by filing a second copy of his *Application to Proceed Without Prepaying Fees or Costs*, *see* ECF No. 6, but he again failed to file an *Authorization to Withdraw from the Trust Fund Account*.

Therefore, this Court must presume that he is proceeding without prepayment, assess the whole fee, and dismiss the case for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). "If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket"—even if the plaintiff attempts to pay the filing fees. *Id.*; *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (holding that *McGore* applies "where the district court dismisses cases *sua sponte* under 28 U.S.C. § 1915A"), *abrogated on other grounds by Jones*, 549 U.S. 199; *see also Redd v. Redmon*, 215 F.3d 1327 (6th Cir. 2000) (unpublished table decision) (same for cases dismissed "under § 1915(e)(2)(A)"); *Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023) (same for cases dismissed under 28 U.S.C. § 1915(b)).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(b), (e)(2)(A); Fed. R. Civ. P. 41(b).

Further, it is **ORDERED** that the Complaint is **PROHIBITED** from being reinstated to the district court's active docket—even if Plaintiff pays the filing fees.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

**This final order closes the above-captioned case**.

/s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 8/9/2024